**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
Email: mbradley@bradleygrombacher.com
Email: kgrombacher@bradleygrombacher.com

*Local Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Carolina Espinoza, individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>Western Dental Services, Inc.,<br><br>Defendant. | Case No.:<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT FOR:**<br><br>**1. VIOLATION OF THE FAIR LABOR STANDARDS ACT U.S.C. § 201, *et seq.* FAILURE TO PAY OVERTIME WAGES;**<br><br>**2. FAILURE TO PAY OVERTIME WAGES;**<br><br>**3. FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS;**<br><br>**4. FAILURE TO PROVIDE TIMELY WAGES; AND**<br><br>**5. VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW**<br><br>**JURY TRIAL DEMAND** |

COMES NOW Plaintiff, Carolina Espinoza, by and through her undersigned counsel, and hereby brings this Collective and Class Action Complaint against Defendant, Western Dental Services, Inc., and states as follows:

## INTRODUCTION

1. This is a collective and class action brought by Plaintiff on behalf of herself and all similarly situated current and/or former Account Solutions Specialist, Billing Specialist, Collections Specialist, Customer Service Representative, and/or other job titles performing the same or similar job duties (collectively "Customer Service Representatives" or "CSRs") of Defendant to recover for Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the California Labor Code, §§ 201–203, 226, 510, 1194, & 1198, and the California Unfair Competition Law ("UCL") Cal. Bus. & Prof. Code §§ 17200, *et seq*.

2. The U.S. Department of Labor ("DOL") recognizes that call center jobs, like those held by Plaintiff in Defendant's call center, are homogenous and issued guidance to alert and condemn an employer's non-payment of an employee's necessary boot-up and call ready activities. *See* DOL Fact Sheet #64, attached hereto as Exhibit A at 2 ("An example of the first principal activity of the day for agents/specialists/representatives working in call centers includes starting the computer to download work instructions, computer applications and work-related emails."). Additionally, the FLSA requires that "[a] daily or weekly record of all hours worked, including time spent in pre-shift and post-shift job-related activities must be kept." *Id.*

3. Defendant subjected Plaintiff, and those similarly situated, to Defendant's policy and practice of failing to compensate its CSRs for their necessary boot-up and call ready work, which resulted in the failure to properly compensate CSRs as required under applicable federal and California law.

4. Plaintiff seeks a declaration that her rights, the rights of the FLSA Collective, and the rights of the Classes were violated and seeks to recover an award of unpaid overtime wages, unpaid straight-time wages, liquidated damages, penalties, injunctive and declaratory

relief, attorneys' fees and costs, pre- and post-judgment interest, and any other remedies to which she and the proposed Collective and Classes may be entitled.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the FLSA, 29 U.S.C. §§ 201, *et seq*.

6. This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suits under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

7. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because these claims arise from a common set of operative facts and are so related to the claims within this Court's original jurisdiction that they form a part of the same case or controversy.

8. Upon information and belief, Defendant's annual sales exceed $500,000 and it has more than two employees, so the FLSA applies in this case on an enterprise basis. *See* 29 U.S.C. § 203(s)(1)(A).

9. Defendant's CSRs, including Plaintiff, engage in interstate commerce—including, but not limited to utilizing telephone lines and Internet—and therefore, they are also covered by the FLSA on an individual basis.

10. This Court has personal jurisdiction over Defendant because it is a resident of California and employs CSRs in California.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant resides in this District, a substantial part of the events or omissions giving rise to the claims alleged herein occurred within this District, and Defendant is subject to the Court's personal jurisdiction in this District.

## PARTIES

12. Plaintiff is an individual who resides in California. Plaintiff worked for Defendant in California as an Account Solutions Specialist from November 2012 to September

2023. Plaintiff executed her Consent to Sue form, attached hereto as Exhibit B.

13. Defendant Western Dental Services, Inc. is a California corporation with its principal place of business in California.

14. Defendant provides dental services at hundreds of locations across California, Nevada, and Arizona.

15. Defendant employs CSRs in California and Texas.

16. Defendant may accept service through its registered agent National Registered Agents, Inc. at 330 N Brand Boulevard, Glendale, CA.

## **GENERAL ALLEGATIONS**

17. Defendant employed Plaintiff as an hourly call center Account Solutions Specialist. Defendant assigns CSRs, like Plaintiff, to answer phone calls from its dental customers.

18. Plaintiff's primary job duties included answering phone calls and providing billing and collections services. More specifically, this included speaking to dental customers with outstanding bills for dental services.

19. Plaintiff regularly worked at least 40 hours per workweek.

20. Regardless of whether Defendant scheduled Plaintiff to work a workweek totaling under 40 hours, a workweek totaling 40 hours, or a workweek totaling in excess of 40 hours, Plaintiff regularly worked a substantial amount of time off-the-clock as part of her job duties as a CSR. Defendant never compensated Plaintiff for this necessary time worked off-the-clock.

21. 29 C.F.R. § 790.8 states "[a]mong activities included as an integral part of a principal activity are those closely related activities which are indispensable to its performance."

### ***A. Unpaid Boot-Up and Call Ready Work.***

22. Defendant tasked Plaintiff with providing billing and collections service on behalf of Defendant by use of Defendant's telephones, computers, and the programs accessible from Defendant's computers.

23. To access Defendant's systems, Plaintiff, and all other current and/or former CSRs, must turn on or wake up their computers, enter their credentials, and then log in to multiple computer programs, servers, and applications. Once this boot-up and call ready work is completed, Plaintiff, and all other current and/or former CSRs, must log in to Defendant's phone system to take their first call at their scheduled shift start time.

24. Defendant does not compensate Plaintiff, and all other current and/or former CSRs, until they have clocked in to the timekeeping program only accessible on Defendant's computers.

25. Defendant does not permit Plaintiff, and all other current and/or former CSRs, to clock in to the timekeeping program until they are ready to take incoming calls.

26. The boot-up and call ready work regularly takes up to 15 minutes per shift, or more if technical issues arise. Defendant did not compensate Plaintiff and CSRs for this time.

27. Regardless of how long the boot-up and call ready work takes, Defendant did not allow Plaintiff, and all other current and/or former CSRs, to clock in before their scheduled shift start time.

28. The boot-up and call ready work Plaintiff, and all other current and/or former CSRs, must complete before they begin being compensated is the same regardless of where they worked.

29. The boot-up and call ready work is integral and indispensable to the performance of Plaintiff's principal job duties and integral and indispensable to Defendant's business.

30. Thus, the unpaid boot-up and call ready work performed by Plaintiff, and all other current and/or former CSRs, directly benefits Defendant.

***B. Defendant's Policy and Practice of Off-the-Clock Work Violates Federal and California Law.***

31. At all times relevant, Defendant suffered or permitted Plaintiff, and all other current and/or former CSRs, to routinely perform off-the-clock boot-up and call ready work by not compensating CSRs until after they completed the boot-up and call ready work.

32. Defendant knew or should have known that it must pay its employees for all compensable time throughout the workweek. *See* 29 C.F.R. §§ 553.221, 790.8, 785.19(a).

33. Despite this, Defendant failed to compensate Plaintiff, and all other current and/or former CSRs, for their compensable boot-up and call ready work performed in any amount.

34. Defendant knew, or should have known, that the FLSA, 29 U.S.C. § 207, requires Defendant to compensate non-exempt employees who work in excess of 40 hours in a workweek at a rate of one and one-half times their regular rate of pay—including the compensable boot-up and call ready work performed.

35. Despite this, Defendant failed to compensate Plaintiff, and all other current and/or former CSRs, for their boot-up and call ready work performed in excess of 40 hours in a workweek at one and one-half times their regular rates of pay.

36. For example, upon information and belief, during the workweek of August 21, 2023 to August 25, 2023, Defendant paid Plaintiff for over 40 hours of work. However, the hours Defendant paid Plaintiff did not include the boot-up and call ready work as alleged herein. Had Defendant properly paid Plaintiff for all hours worked during this pay period, then it would have paid her additional overtime wages equal to the uncompensated boot-up and call ready work.

37. Defendant is aware of each and every workweek Plaintiff was scheduled and worked for more than 40 hours because Defendant's own payroll records reflect the number of hours it paid Plaintiff.

38. Defendant is aware of Plaintiff's regular hourly rate for each and every workweek Plaintiff worked because Defendant's own payroll records reflect the hourly rate it paid Plaintiff. For example, upon information and belief, Plaintiff's hourly rate for the exemplar week noted above was $19.27 per hour.

39. Despite this, Defendant failed to compensate Plaintiff, and all other current and/or former hourly CSRs for their compensable boot-up and call ready work performed in workweeks totaling more than 40 hours at the proper legal rates, including overtime premiums.

40. In reckless disregard of the FLSA, Defendant adopted and then adhered to its policy, plan, or practice of employing Plaintiff, and all other current and/or former CSRs, to perform compensable boot-up and call ready work off-the-clock. This illegal policy, plan, or practice caused incorrect payments for all overtime performed by Plaintiff, and all other current and/or former CSRs, in violation of the FLSA.

***C. Recordkeeping.***

41. The California Labor Code requires employers to furnish an accurate, itemized statement showing, among other things, an employee's total hours worked, their rates of pay, and their hours worked at a particular rate of pay. *See* Cal. Labor Code § 226(a).

42. Further, 29 C.F.R § 516.1 subjects "every employer subject to any provisions of the Fair Labor Standards Act" to maintain employee records.

43. Federal regulations mandate each employer to maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and total hours worked by each employee each workweek. *See* 29 C.F.R § 516.2.

44. Upon information and belief, Defendant failed to establish, maintain, and preserve accurate timesheet and payroll records for all hours worked by Plaintiff as required by the FLSA and California Labor Code because it failed to include the off-the-clock boot-up and call ready work on Plaintiff's and all other current and/or former CSRs' payroll records.

45. When the employer fails to keep accurate records of the hours worked by its employees, the rule in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946) controls. That rule states:

> [w]here the employer's records are inaccurate or inadequate . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

46. The Supreme Court set forth this test to avoid placing a premium on an employer's failure to keep proper records in conformity with its statutory duty, thereby allowing the employer to reap the benefits of the employees' labors without proper compensation as required by the FLSA. Where damages are awarded pursuant to this test, "[t]he employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with . . . the Act." *Id.*

## COLLECTIVE ACTION ALLEGATIONS

47. Plaintiff brings this action pursuant to the FLSA, 29 U.S.C. § 216(b) individually and on behalf of:

> *All current and former Account Solutions Specialist, Billing Specialist, Collections Specialist, Customer Service Representative, and/or other job titles performing the same or similar job duties, who worked for Western Dental Services, Inc. at any time in the last three years.*

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition as necessary.[1]

48. Plaintiff does not bring this action on behalf of any executive, administrative, or professional employees exempt from coverage under the FLSA.

49. *29 U.S.C. § 216(b) Conditional Certification "Similarly Situated" Standard:* With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because, under 29 U.S.C. § 216(b), the call center employees described are "similarly situated" to Plaintiff. The collective of employees on behalf of whom Plaintiff brings this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policies, or plan (namely, Defendant's practices, policies, or plan of not paying its CSR employees for their compensable work performed in excess of 40 hours per workweek at an overtime premium of at least one and one-half times their regular rates of pay); (c) their

---

[1] Plaintiff specifically reserves the right to amend the definition and/or propose subclasses related to whether an employee worked in a physical call center, remotely, or in a hybrid environment.

claims are based upon the same legal theories; and (d) the employment relationship between Defendant and every putative FLSA Collective member is exactly the same, and differs only by name, location, and rate of pay.

50. Upon information and belief, Plaintiff estimates the FLSA Collective, including both current and former call center workers over the relevant period, will include several hundred members who would benefit from the issuance of court-supervised notice of this action and the opportunity to join it. The precise number of members of the FLSA Collective should be readily available from a review of Defendant's personnel, scheduling, time, and payroll records; and from input received from members of the FLSA Collective as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b).

51. Plaintiff shares the same interests as members of the FLSA Collective in that the outcome of this action will determine whether they are entitled to unpaid overtime compensation, interest, attorneys' fees and costs owed under the FLSA. Because the facts in this case are similar, if not altogether identical, and the factual assessment and legal standards lend themselves to a collective action.

## CLASS ACTION ALLEGATIONS

52. Plaintiff brings this this action pursuant to Fed. R. Civ. P. 23 on behalf of two Classes defined to include:

**CLC Class**

*All current and former Account Solutions Specialist, Billing Specialist, Collections Specialist, Customer Service Representative, and/or other job titles performing the same or similar job duties, who worked for Western Dental Services, Inc. in California at any time in the last three years.*

***Timely Wages CLC Subclass***

*All former Account Solutions Specialist, Billing Specialist, Collections Specialist, Customer Service Representative, and/or other job titles performing the same or similar job duties, who worked for Western Dental Services, Inc. in California at any time in the last three years.*

**UCL Class**

*All current and former Account Solutions Specialist, Billing Specialist, Collections Specialist, Customer Service Representative, and/or other job*

*titles performing the same or similar job duties, who worked for Western Dental Services, Inc. in California at any time in the last four years.*

(hereinafter referred to collectively as the "California Classes"). Plaintiff reserves the right to amend these definitions as necessary.[2]

53. *Numerosity*: The members of the California Classes are so numerous that joinder of all members in the case would be impracticable, and the disposition of their claims as a class will benefit the parties and the Court. The precise number of members of the California Classes should be readily available from a review of Defendant's personnel and payroll records.

54. *Commonality/Predominance*: There is a well-defined community of interest among members of the California Classes and common questions of both law and fact predominate in the action over any questions affecting individual members. These common legal and factual questions include, but are not limited to, the following:

a. Whether Defendant violated Cal. Labor Code §§ 510, 1194, 1198 and Cal. Wage Order No. 4 by failing to pay proper overtime wages;

b. Whether Defendant violated Cal. Labor Code § 226 by failing to provide accurate, itemized wage statements;

c. Whether Defendant violated Cal. Labor Code §§ 201–203 by failing to pay wages in a timely manner;

d. Whether Defendant violated Cal. Bus. & Prof. Code §§ 17200, *et seq.* by failing to pay wages; and

e. Whether Plaintiff and the California Classes were damaged.

55. *Typicality*: Plaintiff's claims are typical of those of the California Classes in that Plaintiff and all other members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices. Plaintiff's claims arise from Defendant's same policies, practices, and course of conduct as all other members of the

---

[2] Plaintiff specifically reserves the right to amend the definition and/or include subclasses related to whether an employee worked in a physical call center, remotely, or in a hybrid environment.

California Classes and Plaintiff's legal theories are based on the same legal theories as all other members of the California Classes: whether Plaintiff and the California Classes were not paid for all overtime wages earned as a result of Defendant's failure to pay for boot-up and call ready work.

56. *Adequacy*: Plaintiff will fully and adequately protect the interests of the California Classes and Plaintiff retained counsel who are qualified and experienced in the prosecution of wage-and-hour collective and class actions. Neither Plaintiff nor her counsel have interests that are contrary to, or conflicting with, the interests of the California Classes.

57. *Superiority*: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, because it is economically infeasible for members of the California Classes to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual. Given the material similarity of the claims of members of the California Classes, even if each member of the California Classes could afford to litigate a separate claim, this Court should not countenance or require the filing of hundreds of identical actions. Individual litigation of the legal and factual issues raised by Defendant's conduct would cause unavoidable delay, a significant duplication of efforts, and an extreme waste of resources. Alternatively, proceeding by way of a class action would permit the efficient supervision of the putative class claims, create significant economies of scale for the Court and the parties, and result in a binding, uniform adjudication on all issues.

58. The case will be manageable as a class action. Plaintiff and her counsel know of no unusual difficulties in the case and Defendant's payroll systems will allow the class, wage, and damages issues in the case to be resolved with relative ease. Because the elements of Rule 23(b)(3), or in the alternative (c)(4), are satisfied in the case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue her claim as a class action").

/ / /

**COUNT I**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT U.S.C. § 201, *et seq.*, FAILURE TO PAY OVERTIME WAGES**

**(FLSA Collective)**

59. Plaintiff re-alleges and incorporates all previous paragraphs herein.

60. At all times relevant to this action, Defendant is an "employer" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. §§ 201, *et seq*.

61. Defendant is engaged in interstate commerce or in the production of goods for commerce, as defined by the FLSA.

62. At all times relevant to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

63. Plaintiff either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) was employed in an enterprise engaged in commerce or in the production of goods for commerce.

64. The positions of Account Solutions Specialist, Billing Specialist, Collections Specialist, and Customer Service Representative are not exempt from the FLSA.

65. Defendant's other job titles performing similar call center job duties are not exempt from the FLSA.

66. At all times relevant to this action, Defendant "suffered or permitted" Plaintiff to work and thus "employed" her within the meaning of the FLSA, 29 U.S.C. § 203(g).

67. The FLSA requires an employer to pay employees the federally mandated overtime premium rate of one and a half times their regular rate of pay for every hour worked in excess of 40 hours per workweek. *See* 29 U.S.C. § 207.

68. Defendant violated the FLSA by failing to pay Plaintiff the federally mandated overtime premium for all hours worked in excess of 40 hours per workweek.

69. Upon information and belief, Defendant has corporate policies of evading overtime pay for its hourly workers.

70. Defendant's violations of the FLSA was knowing and willful.

71. By failing to compensate its hourly workers at a rate not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant violated the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a). All similarly situated CSRs, or other job titles performing the same or similar job duties, are victims of a uniform and company-wide enterprise which operates to compensate workers at a rate less than the federally mandated overtime wage rate. This uniform policy, in violation of the FLSA, has been, and continues to be, applied to CSRs, or other job titles performing the same or similar job duties, who have worked or are working for Defendant in the same or similar position as Plaintiff.

72. None of the provisions of the FLSA can be contravened, set aside, abrogated, or waived by Plaintiff or the Collective.

73. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, a worker is entitled to their unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees.

## COUNT II

## FAILURE TO PAY OVERTIME WAGES – CALIFORNIA LAW

### Cal. Labor Code §§ 510, 1194, 1198; Cal. Wage Order No. 4

### (CLC Class)

74. Plaintiff re-alleges and incorporates all previous paragraphs herein.

75. At all relevant times, Defendant was an employer within the meaning of the California Labor Code.

76. At all relevant times, Plaintiff and the CLC Class were employees of Defendant within the meaning of the California Labor Code.

77. Plaintiff and the CLC Class were non-exempt employees entitled to overtime compensation.

78. The California Labor Code states that any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of

no less than one and one-half times the regular rate of pay for an employee. Cal. Labor Code § 510.

79. The California Labor Code states that any work in excess of 12 hours in one day and any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay for an employee. Cal. Labor Code § 510.

80. Plaintiff and the CLC Class worked in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek.

81. Defendant, pursuant to its policies and practices, refused and failed to pay Plaintiff and the CLC Class for all overtime wages earned.

82. By failing to properly compensate Plaintiff and the CLC Class for all overtime wages earned, Defendant violated and continues to violate Plaintiff's and CLC Class members' statutory rights under the California Labor Code.

83. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the CLC Class have suffered damages in an amount to be determined at trial.

84. Plaintiff and the CLC Class seek damages in the amount of their unpaid overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit. *See* Cal. Labor Code § 1194.

## <u>COUNT III</u>

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

## Cal. Labor Code § 226

## (CLC Class)

85. Plaintiff re-alleges and incorporates all previous paragraphs herein.

86. The California Labor Code requires employers to furnish an accurate, itemized statement showing, among other things, an employee's total hours worked, their rates of pay, and their hours worked at a particular rate of pay. *See* Cal. Labor Code § 226(a).

87. Defendant knowingly and intentionally failed to provide Plaintiffs and the CLC Class with accurate, itemized statements showing their total hours worked because the

statements failed to include the off-the-clock boot-up and call ready work as alleged herein.

88. Defendant's failure to provide accurate, itemized statements caused Plaintiff and the CLC Class to suffer injury pursuant to Cal. Labor Code § 226(e)(2) because Plaintiff and the CLC Class could not promptly and easily determine, among other things, their hours worked, rates of pay, and their hours worked at a particular rate of pay.

89. Plaintiff and the CLC Class seek damages in the greater amount of all actual damages or fifty dollars ($50) for the initial pay period in which the violation occurred and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), plus an award of costs and reasonable attorney's fees. *See* Cal. Labor Code § 226(e)(1).

**COUNT IV**

**FAILURE TO PROVIDE TIMELY WAGES**

**Cal. Labor Code §§ 201–203**

**(CLC Class)**

90. Plaintiff re-alleges and incorporates all previous paragraphs herein.

91. If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. Cal. Labor Code § 201.

92. If an employee quits their employment, then their wages become payable and due at the time of quitting or 72 hours thereafter, depending on the circumstances. Cal. Labor Code § 202.

93. If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.6, 201.8, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. Cal. Labor Code § 203.

/ / /

/ / /

94. Plaintiff and CLC Class members whose employment ended during the class period have not received their wages earned and due for their boot-up and call ready work performed as alleged herein.

95. More than thirty (30) days have passed since Plaintiff and certain CLC Class members employment ended with Defendant.

96. Plaintiff and the CLC Class members whose employment ended during the class period seek damages in an amount equal to thirty (30) days wages, together with interest thereon, and attorneys' fees and costs.

**COUNT V**

**VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW ("UCL")**

**Cal. Bus. & Prof. Code §§ 17200, *et seq.***

**(UCL Class)**

97. Plaintiff re-alleges and incorporates all previous paragraphs herein.

98. The foregoing conduct, as alleged, violates the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* The UCL prohibits unfair competition by prohibiting, among other things, any unlawful or unfair business acts or practices.

99. Defendant committed acts of unfair competition, as defined by the UCL, by engaging in the acts and practices described herein. Defendant's conduct injured Plaintiff and UCL Class members by wrongfully denying them earned wages. Defendant's conduct was therefore substantially injurious to Plaintiff and UCL Class members.

100. Defendant engaged in violation of the UCL by violating each of the following laws, each of which constitutes an independent and separate violation of the UCL:

a. Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*;

b. California Labor Code §§ 510, 1194, & 1198;

c. IWC Wage Order 4;

d. California Labor Code § 226; and

e. California Labor Code §§ 201–203.

101. Defendant's course of conduct, acts, and practices in violation of the laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendant's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

102. The harm to Plaintiff and UCL Class members in being wrongfully denied lawfully earned wages outweighed the utility, if any, of Defendant's policies and practices. Therefore, Defendant's actions described herein constitute an unfair business practice or act within the meaning of the UCL.

103. Plaintiff and the UCL Class seek damages in the form of restitution for unpaid wages that were withheld and retained by Defendant, plus attorneys' fees and costs.

104. Plaintiff and the UCL Class further seek an injunction to prohibit Defendant from continuing to engage in the unfair business practices complained of herein. Defendant's unlawful conduct, as described above, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to Plaintiff and all UCL Class members in that the Defendant will continue to violate these laws unless specifically ordered to comply with the same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under federal and California law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

a. An Order certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

b. An Order compelling Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, and email addresses of all those individuals who are similarly situated, and permitting Plaintiff to send notice of this action to all those similarly situated individuals including the publishing of notice in a manner that is reasonably calculated to apprise the potential collective members of their rights under this litigation;

c. An Order certifying the California Classes pursuant to Fed. R. Civ. P. 23;

d. An Order designating Plaintiff to act as the Class Representative on behalf of the FLSA Collective and California Classes;

e. An Order declaring that Defendant willfully violated the FLSA and its attendant regulations as set forth above;

f. An Order declaring that Defendant violated its obligations under the FLSA;

g. An Order declaring that Defendant violated the California Labor Code as set forth above;

h. An Order granting judgment in favor of Plaintiff and the FLSA Collective against Defendant and awarding unpaid overtime wages calculated at the rate of one and one-half (1.5) of Plaintiff's and the Collective's regular rate of pay multiplied by all hours that Plaintiff and the Collective worked in excess of 40 hours per week;

i. An Order awarding liquidated damages to Plaintiff and the FLSA Collective, in an amount equal to the amount of unpaid overtime wages found owing to Plaintiff and the Collective under the FLSA;

j. An Order granting judgment in favor of Plaintiff and the CLC Class against Defendant and awarding unpaid overtime wages calculated at the rate of one and one-half (1.5) of Plaintiff's and the Class' regular rate of pay multiplied by all hours that Plaintiff and the Class worked in excess of 8 hours in a workday or 40 hours in a workweek;

k. An order granting judgment in favor of Plaintiff and CLC Class members who left their employment during the class period against Defendant and awarding unpaid wages equal to thirty (30) days pay;

l. An order granting judgment in favor of Plaintiff and the CLC Class against Defendant and awarding the maximum penalties allowable under Cal. Labor Code § 226(e)(1);

m. An order granting judgment in favor of Plaintiff and the UCL Class against Defendant and awarding restitution in the amount of unpaid wages owed for violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*;

n. An order enjoining Defendant to cease and desist from the unlawful activities in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*;

o. An Order awarding reasonable attorneys' fees and costs incurred by Plaintiff, the FLSA Collective, and the California Classes in filing this action;

p. An Order awarding pre- and post-judgment interest to Plaintiff, the FLSA Collective, and the California Class on these damages; and

q. An Order awarding such further relief as this court deems appropriate.

## JURY DEMAND

NOW COMES Plaintiff, by and through her undersigned attorneys, and hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled cause.

Dated: January 7, 2026

Respectfully submitted,

By: */s/ Kiley L. Grombacher*

Kiley L. Grombacher (SBN 245960)
Marcus J. Bradley (SBN 174156)
**BRADLEY/GROMBACHER LLP**
31365 Oak Crest Dr. Suite 240
Westlake Village, CA 91361
T: (805) 270-7100
F: (805) 270-7589
E: kgrombacher@bradleygrombacher.com
E: mbradley@bradleygrombacher.com
*Local Counsel for Plaintiff*

Jacob R. Rusch (MN Bar #0391892)*
Zackary S. Kaylor (MN Bar #0400854)*
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
Saint Paul, MN 55101
T: 612-436-1800
F: 612-436-1801
E: jrusch@johnsonbecker.com
E: zkaylor@johnsonbecker.com

Alyson Steele Beridon (OH#87496)*
**HERZFELD, SUETHOLZ, GASTEL, LENISKI & WALL, PLLC**
600 Vine St., Suite 2720
Cincinnati, OH 45202
T: (513) 381-2224
F: (615) 994-8625
E: alyson@hsglawgroup.com
*Lead Attorneys for Plaintiff*
**Pro Hac Vice Forthcoming*

# EXHIBIT A

**U.S. Department of Labor**
Wage and Hour Division

U.S. Wage and Hour Division

(Revised July 2008)

# Fact Sheet #64: Call Centers under the Fair Labor Standards Act (FLSA)

This fact sheet provides general information concerning the application of the FLSA to employees working in call centers.

## Characteristics

A call center is a central customer service operation where agents (often called customer care specialists or customer service representatives) handle telephone calls for their company or on behalf of a client. Clients may include mail-order catalog houses, telemarketing companies, computer product help desks, banks, financial services and insurance groups, transportation and freight handling firms, hotels, and information technology (IT) companies.

## Coverage

If the annual dollar volume of a call center's sales or business is $500,000 or more, and the enterprise has at least two employees, all employees of the enterprise are covered by the FLSA on an "enterprise" basis. An enterprise may consist of one establishment, or it may be made up of multiple establishments.

Additionally, the FLSA also provides an "individual employee" basis of coverage. If the gross sales or volume of business done does not meet the requisite dollar volume of $500,000 annually, employees may still be covered if they individually engage in interstate commerce, the production of goods for interstate commerce, or in an occupation closely related and directly essential to such production. Interstate commerce includes such activities as transacting business via interstate telephone calls, the Internet or the U.S. Mail (such as handling insurance claims), ordering or receiving goods from an out-of-state supplier, or handling the accounting or bookkeeping for such activities.

## Requirements

Covered nonexempt employees are entitled to be paid at least the federal minimum wage as well as overtime at time and one-half their regular rate of pay for all hours worked over 40 in a workweek. (This may not apply to certain executive, administrative, and professional employees, including computer professionals and outside sales, as provided in Regulations 29 CFR 541).

The FLSA requires employers to keep records of wages, hours, and other items, as specified in the recordkeeping regulations. With respect to an employee subject to both minimum wage and overtime provisions, records must be kept as prescribed by Regulations 29 CFR 516. Records required for exempt employees differ from those for non-exempt workers.

The FLSA also contains youth employment provisions regulating the employment of minors under the age of 18 in covered work, as well as recordkeeping requirements. Additional information on the youth employment provisions is available at www.youthrules.dol.gov.

**Typical Problems**

Hours Worked: Covered employees must be paid for all hours worked in a workweek. In general, "hours worked" includes all time an employee must be on duty, or on the employer's premises or at any other prescribed place of work, from the beginning of the first principal activity of the workday to the end of the last principal activity of the workday. Also included is any additional time the employee is allowed (i.e., suffered or permitted) to work. An example of the first principal activity of the day for agents/specialists/representatives working in call centers includes starting the computer to download work instructions, computer applications, and work-related emails.

Rest and Meal Periods: Rest periods of short duration, usually 20 minutes or less, are common in the industry (and promote employee efficiency), and must be counted as hours worked. *Bona fide* meal periods (typically 30 minutes or more) generally need not be compensated as work time as long as the employee is relieved from duty for the purpose of eating a regular meal.

Recordkeeping: A daily and weekly record of all hours worked, including time spent in pre-shift and post-shift job-related activities, must be kept.

Overtime: Earnings may be determined on an hourly, salary, commission, or some other basis, but in all such cases the overtime pay due must be computed on the basis of the regular hourly rate derived from all such earnings. This is calculated by dividing the total pay (except for certain statutory exclusions) in any workweek by the total number of hours actually worked. See Regulations 29 CFR 778.

Salaried Employees: A salary, by itself, does not exempt employees from the minimum wage or from overtime. Whether employees are exempt from minimum wage and/or overtime depends on their job duties and responsibilities as well as the salary paid. Sometimes, in call centers, salaried employees do not meet all the requirements specified by the regulations to be considered as exempt. Regulations 29 CFR 541 contain a discussion of the requirements for several exemptions under the FLSA (i.e., executive, administrative, and professional employees – including computer professionals, and outside sales persons).

**Where to Obtain Additional Information**

**For additional information, visit our Wage and Hour Division Website: http://www.wagehour.dol.gov and/or call our toll-free information and helpline, available 8 a.m. to 5 p.m. in your time zone, 1-866-4USWAGE (1-866-487-9243).**

This publication is for general information and is not to be considered in the same light as official statements of position contained in the regulations.

**U.S. Department of Labor**
Frances Perkins Building
200 Constitution Avenue, NW
Washington, DC 20210

**1-866-4-USWAGE**
TTY: 1-866-487-9243
**Contact Us**

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Carolina Espinoza, individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>Western Dental Services, Inc.,<br><br>Defendant. | Case No.:<br><br>**CONSENT TO SUE** |

1. I understand this lawsuit against Western Dental Services, Inc., asserts claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, concerning Defendant's alleged failure to correctly pay overtime wages.
2. I hereby consent to opt-in, join, and become a Plaintiff in this lawsuit and be bound by the Court, whether favorable or unfavorable, to any judgment or settlement of this action.
3. I hereby designate Johnson Becker, PLLC and Herzfeld, Suetholz, Gastel, Leniski and Wall, PLLC to represent me in this lawsuit and make all decisions on my behalf regarding the litigation and any potential settlement.

Signature: Carolina Espinoza
Carolina Espinoza (Jan 2, 2026 20:01:07 PST) Date: 01/02/2026

Print Name: Carolina Espinoza